[No. 9678. In Bank.—September 26, 1885.]

# IN THE MATTER OF THE DISBARMENT OF R. E. HOUGHTON.

DISBARMENT OF ATTORNEY—EVIDENCE.—The proceeding was brought to procure the disbarment of an attorney on the ground that pending a motion before the Supreme Court he had made certain false statements for the purpose of misleading and deceiving the justices. On a review of the evidence, *held*, that the application should be denied.

ID.—GUILT OF ATTORNEY MUST BE CLEARLY ESTABLISHED.—An attorney should not be suspended or disbarred from the practice of his profession unless the court is clearly satisfied of his guilt.

APPLICATION for the disbarment of an attorney and counselor of the Supreme Court. The facts are stated in the opinion of the court.

*W. W. Foote*, for Petitioner.

*McAllister & Bergin, E. G. Stetson,* and *Warren Olney,* for Respondent.

McKINSTRY, J.—On the 7th day of January, 1884, this court made an order "in the matter of the estate of Allen E. Rose, deceased," wherein (after reciting that William B. Rose, as guardian of the estate of Louis Allen Rose, aged seven years, Lydia Rose, aged three years, and Ethel Rose, aged two years, only heirs of Allen E. Rose, deceased, and as a creditor of the estate of said Rose, had presented a petition for leave to prove a bill of exceptions to be used in this court on an appeal taken by him as such guardian and creditor, from an order made in the Superior Court of Kern County, allowing the account of H. Hirshfield, administrator of the estate of said Allen E. Rose, deceased, and alleging in the said petition that the Hon. B. Brundage, judge of the said Superior Court for Kern County, refuses to allow said bill of exceptions), orders: That said petition be referred to the Hon. W. W. Cross, judge of the Superior Court of Tulare County, and that said petitioner appear before said W. W. Cross and prove his bill of exceptions in accordance with the facts, in case said bill has not been properly settled, and when so proven, the same to be certified as correct by the Hon. W. W. Cross, and filed in the Superior Court of Kern County. The order further required Judge Cross to give a certain notice of the time, etc., when the bill was to be settled to Judge Brundage, the attorney appointed by Judge Brundage to represent minor heirs and the attorney of Rose.

The hearing of the motion to settle the bill of exceptions was set by Hon. W. W. Cross for the 26th day of January, 1884, and notice thereof served on the several parties named as required by the order of the Supreme Court. On the 21st day of said January, J. W. Freeman, Esq., attorney for the minor heirs, R. E. Arick, Esq., attorney for the administrator, and Stetson & Houghton (R. E. Houghton) attorneys for petitioner, entered into and signed a *stipulation* in words and figures following:—

"In the matter of the settlement of a bill of exceptions:—

"Estate of Allen E. Rose, deceased.

"The hearing in the said matter having been heretofore set by Judge W. W. Cross, for Saturday, January 26, 1884, at 10

o'clock A. M., at Visalia, Cal., we consent that the hearing may be continued to Saturday, the 2d day of February, 1884, at 10 o'clock A. M., at the same place."

On the 29th of January, 1884, H. Hirshfield, administrator of the estate of Allen E. Rose, deceased, by Flournoy, Mhoon & Flournoy as his attorneys, moved this court (Department Two), upon affidavit of said Hirshfield, that the order of the 7th of January, referring the petition of W. B. Rose as guardian, etc., to the Hon. W. W. Cross, and authorizing him to settle the proposed bill of exceptions, be vacated and set aside; which said motion was continued for hearing until the 1st day of February, 1884. On the day and year last mentioned R. E. Houghton, Esq., appeared in opposition to said motion, and J. B. Mhoon, Esq., in support thereof, and the said R. E. Houghton, Esq., then and there, before Department Two aforesaid, read in opposition to the motion his affidavit (previously filed) duly subscribed and sworn to by him, a portion whereof is as follows:—

"*In the Supreme Court of the State of California:*—

"*In the matter of the estate of Allen E. Rose, deceased.*

"STATE OF CALIFORNIA,   }
CITY AND COUNTY OF SAN FRANCISCO, } ss.

"R. E. Houghton being duly sworn says that he is a member of the firm of Stetson & Houghton, attorneys for the petitioner herein. That Judge W. W. Cross, to whom this court referred the petition of W. B. Rose to prove a bill of exceptions proposed by him, to be used by him on an appeal heretofore taken in this case from an order of the Superior Court of Kern County, allowing an annual account of the administration of said estate, did by order fix the 26th day of January, 1884, at 10 o'clock A. M., as the day and hour he would settle said bill of exceptions. R. E. Arick, Esq., who is the attorney of record in this case for H. Hirshfield, administrator of said estate, J. W. Freeman, appointed by the court to represent the minor heirs of said estate, and Stetson & Houghton, attorneys for petitioner herein, *have stipulated* that said bill of exceptions *shall be settled by the Hon. W. W. Cross* on February 2, 1884, at 10 o'clock A. M., at Visalia."

On the 1st day of February, 1884, when said affidavit was read, the motion to vacate and set aside was argued orally by

J. B. Mhoon, Esq., and R. E. Houghton, Esq. The testimony taken before the referee appointed in the present proceeding and returned to this court, shows that on the hearing of the said motion to vacate, when the said R. E. Houghton read that portion of his affidavit above recited, it was suggested to him that the stipulation was or might have been a stipulation merely to continue the hearing before Judge Cross; to which he responded, "no, the stipulation is as stated in the affidavit." Objection was made to the testimony last mentioned. We think, however, the objection is not well taken. The evidence tended to show that the statement in the affidavit was not inserted inadvertently, perhaps also that the affiant understood the same to mean that the stipulation was more than an agreement to postpone the settlement of the bill of exceptions. The testimony returned also shows that Department Two, on the said 1st of February, denied the motion to vacate the former order. This was proved by a witness who swore to the fact. His testimony was objected to as "irrelevant and immaterial." It was relevant and material and no objection was made that it was *incompetent*. Moreover the minutes of the court show that Department Two did deny the motion on the day named.

The present proceeding is an application that the name of the respondent R. E. Houghton, Esq., be stricken from the roll of attorneys and counselors of this court, and that he be precluded from practicing as such attorney and counselor in all the courts of this State. (Code Civ. Proc. § 299.) The accusation is that in the affidavit filed in this court, and so as aforesaid used in and before Department Two, the respondent for the purpose of misleading and deceiving the justices composing said department, falsely swore that Stetson & Houghton, R. E. Arick, and J. W. Freeman, Esqrs., had, as representatives of the several parties mentioned in said proceeding for the settlement of the bill of exceptions, stipulated that said bill of exceptions should be settled on a certain day before the Hon. W. W. Cross, whereas in truth and in fact the only stipulation in said proceeding actually made by the persons named was and is the stipulation hereinbefore set forth. And the accusation further specifies that on the occasion when said affidavit was read before Department Two, respondent (for the purpose of deceiving and misleading

the court), in response to a suggestion that the stipulation referred to was only a stipulation to continue the hearing of the settlement, stated and declared that the same was not for a continuance merely, but was as stated in said affidavit. Respondent did not produce the stipulation before Department Two, but there and then averred that the same was on file with Judge Cross at Visalia.

If there had been any question of the personal qualifications of the Hon. W. W. Cross to settle the bill of exceptions, such objection would have been waived by the stipulation to continue the hearing before him. No such objection was made at any stage of the proceedings; on the contrary, there is no dispute but he was eminently a proper person to whom to refer the matter. So if no notice of the hearing before Judge Cross on the 26th of January had been served on any of the parties, or the notice was for any reason defective, the stipulation of the 21st of January would have precluded a party to it from objecting to the sufficiency of the notice. But if the stipulation instead of being worded, as in fact it was worded, had been in exact terms "that said bill of exceptions shall be settled by the Hon. W. W. Cross on February 2, 1884," no greater effect could be given it. Notwithstanding such stipulation, Department Two would have vacated the order referring the matter of the settlement to the Hon. W. W. Cross if it appeared the matter ought not to have been referred to any person. No stipulation could give Judge Cross *jurisdiction*. His jurisdiction was derived exclusively from the order of the Supreme Court, and he was subject to deprivation of the jurisdiction by the Supreme Court, at any time before he completed his duty under the order.

As a stipulation "that the bill of exceptions should be settled by the Hon. W. W. Cross" would have given Judge Cross no *power* to settle the bill, as against an order of this court setting aside the order appointing him for that purpose (in this respect having no more effect that the stipulation actually executed), and as the opportunity and power to make the stipulation itself was derived from the order of this court, a stipulation so purporting to submit the settlement to Judge Cross would have been referred to the order, and held to be a submission in accordance with the order of the Supreme Court. Such a

stipulation, therefore, would not have been an answer to the motion to vacate the order authorizing Cross to settle the bill of exceptions. A stipulation such as the affidavit alleges was made could have no greater effect or influence on Department Two of this court—so far as the disposition of the motion to vacate the former order is concerned—than the stipulation actually entered into by the parties.

The application to vacate the former order was based on the ground that the order had been inadvertently entered, or rather that the order had been entered without knowledge on the part of the court of certain facts—as that the petitioner had been removed from his office of guardian, etc. Whether the statement in the affidavit, as to the contents of the stipulation, induced Department Two to deny the motion for the vacation of the order appointing Judge Cross to settle the bill, is a matter resting in the memory of the justices who composed the department. We are assured it had no such influence, and are convinced it ought not to have had.

But this does not relieve the respondent of the charge of moral delinquency, if the affidavit was wilfully false, in that it was deliberately intended to produce a false impression. The question is not whether Department Two was actually misled by the statement in the affidavit; rather, is the statement false; made for the purpose of deceiving the court? Although it be conceded that, in its legal effect, and in so far as it could affect any point then and there to be decided by Department Two, the statement as to the stipulation contained in the affidavit was the same as if the exact language of the stipulation had been recited; yet a statement that the parties had agreed the bill should be settled by the Hon. W. W. Cross is not in all respects the equivalent of a statement that by stipulation a matter already set for hearing before Judge Cross had been continued to another day.

The statement in the affidavit conveys the idea of the *selection* of Judge Cross by the parties to the stipulation. It might have operated as a sufficient reason for inducing Department Two to deny the motion to vacate the former order, had the motion to vacate been based, not on the ground of inadvertence or want of information when the former order was made, but on some

objection merely personal to Judge Cross.  It was a declaration under oath which could not have deceived the court, not because it did not vary from the exact truth, but because its legal effect was the same as the exact truth.

It is urged, however, that the averment in the affidavit, admitting it to have been verbally inaccurate, was in that respect made inadvertently.  That the averment, so far as it bore on *the issue* then tried, was legally of the same effect as if the very words of the stipulation had been recalled, and that it cannot be supposed the respondent was ignorant (or believed the court ignorant), that the mere fact the parties had stipulated that Judge Cross should settle the bill would be no answer to the motion to vacate.  That it cannot be presumed a lawyer of conceded intelligence and learning would have wilfully stated a falsehood so easily exposed by the production of the stipulation.

It is further urged that the real purpose for which the affidavit was made and read is apparent from an examination of the motion papers.  From such examination, respondent claims, it is seen, that the fact deemed *material* by the affiant was the fact that R. E. Arick, Esq., the attorney for the administrator, had stipulated to a postponement of the settlement of the bill of exceptions by (or before) Judge Cross; that from that fact respondent might argue that Messrs. Flournoy, Mhoon & Flournoy ought not to be heard by Department Two of this court on a motion to set aside the order previously made; that the fact of the appearance and consent of *Arick,* and not the precise wording of the stipulation, was *the* fact to which the attention of respondent was directed when he prepared, subscribed, and swore to the affidavit.

A judgment against the respondent will deprive him of personal and property rights.

Unless we are clearly satisfied of respondent's guilt we ought not to remove or suspend him from the practice of his profession.  As we are not so satisfied we decline to strike his name from the roll.

We feel bound to remark that it is always somewhat dangerous to swear to the " legal effect " of a matter in the form of a positive averment.

It is certainly less hazardous to give the language of a written

instrument or (if the instrument is lost or beyond the affiant's control) to state that the exact language is not remembered, and to give the substance of the language; that is, to use language which conveys the precise idea expressed by the words contained in the instrument.

The facile and ready method of meeting an issue by affidavit of an attorney in the action or proceeding is not to be encouraged. The present proceeding will have subserved a useful purpose if it shall have a tendency, in any degree, to bring about a discontinuance of the frequent and unnecessary manufacture of affidavits; a practice to which resort is had, too often carelessly, and sometimes, we fear, recklessly.

The application for the disbarment of respondent is denied.

MORRISON, C. J., MYRICK, J., ROSS, J., McKEE, J., and THORNTON, J., concurred.