THE STATE OF FLORIDA, ex rel. J. WALTER KEHOE, STATE ATTORNEY, PLAINTIFF v. W. A. McRAE, CLERK OF THE CIRCUIT COURT OF JACKSON COUNTY, RESPONDENT.

MANDAMUS—IS PROPER REMEDY TO COMPEL CLERK TO ISSUE COMMISSION FOR DEPOSITIONS OF ABSENT WITNESS—DISBARMENT OF ATTORNEY—IS NOT A CRIMINAL PROCEEDING REQUIRING CONFRONTATION OF ACCUSED WITH WITNESSES AGAINST HIM—DEPOSITIONS OF ABSENT WITNESSES TAKEN ON COMMISSION ADMISSIBLE IN IF OTHERWISE COMPETENT.

1.  The issuance of a commission by the Clerk of Circuit Court to take the depositions of an absent witness, when all the preliminary steps prescribed by law and the rules of practice leading up to the issuance thereof have been com-

plied with, is a mere ministerial act, and, ordinarily, he has no right to refuse its issuance because he may be of the opinion that the deposition when taken under it will be incompetent or inadmissible evidence in the particular cause in which it is proposed to be used, but it is his duty to issue the commission when properly applied for, leaving the admissibility of the evidence that it produces to be passed upon by the court when tendered, and he will be compelled by mandamus to perform such ministerial act.

2.    The writ of mandamus will never be granted when if issued it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator.

3.    Disbarment proceedings against an attorney are not designed as a penalty or punishment for any malfeasance or dereliction of duty by an attorney, but are solely for the purpose of purging the roll of legal practitioners of an unworthy or disreputable member. In such a proceeding no fine, imprisonment or other punitive sentence can be imposed, but the judgment therein can only be one simply revoking the formerly granted permit to practice law, and striking the name of the derelict from the roll of attorneys.

4.    A disbarment proceeding against an attorney is not a criminal prosecution, and does not fall within that class of cases that require the charges to be preferred by information or indictment, or that require a trial by jury, or a confrontation of the accused with the witnesses against him.

5    In a disbarment proceeding against an attorney the depositions of an absent witness regularly taken on commission and written interrogatories are admissible in evidence if otherwise competent.

This case was decided by the Court En Banc.

This is a case of original jurisdiction.

. The facts in the case are stated in the opinion of the Court.

*J. Walter Kehoe* and *Liddon & Smith,* for Plaintiff.

*Robt. J. Boone,* for Respondent.

TAYLOR, J. This mandamus proceeding instituted in this court by the relator J. Walter Kehoe as State Attorney for the First Judicial Circuit against the respondent W. A. McRae as Clerk of the Circuit Court for Jackson county in said circuit, seeks to compel such respondent as such clerk to issue a commission to take depositions of a non-resident witness. The respondent has waived the issuance and service of an alternative writ, agreeing that the petition for such alternative writ shall be considered and treated as such writ, and so treating it he has filed here an answer thereto. The petition alleges in substance that there is pending in the Circuit Court of Jackson county a certain proceeding in the name of the State against a certain attorney at law having for its object the disbarment of such attorney; that said proceeding is at issue and ready for the submission of evidence; that there is a certain witness who is a non-resident of the State of Florida, whose testimony is material to the issues on behalf of the State in such proceeding; that after serving the defendant attorney in such disbarment proceeding with copies of the interrogatories proposed to be propounded to such absent witness, together with a notice setting forth reasons why the testimony of such witness was to be taken on commission, and the date that said commission was to be applied for, with the name to be proposed for commissioner on the part of the State, the said relator as such State Attorney applied to the respondent

as Clerk of the Circuit Court upon due proof of all of the above preliminaries, for the issuance of a commission to take the testimony of such absent witness, but that the said clerk refused and still refuses to issue such commission, alleging as a reason for such refusal that he had no authority to issue a commission in such proceeding.

The answer of the respondent Clerk admits all of the allegations of the petition to be true, and alleges that his refusal to issue such commission was based upon the belief that he had no authority to issue a commission to take the testimony of an absent witness in a disbarment proceeding, and waiving all further notice or service submits the question to the court whether he can be compelled by mandamus to issue a commission in a disbarment proceeding to take the testimony of an absent witness on behalf of the State in such proceeding.

The issuance by a clerk of the Circuit Court of a commission to take the depositions of an absent witness, when all the preliminary steps prescribed by law and the rules of practice leading up to the issuance thereof have been complied with, is a mere ministerial act, and, ordinarily, he has no right to refuse its issuance because he may be of the opinion that the depositions when taken under it will be incompetent or inadmissible evidence in the particular cause in which it is proposed to be used, but it is his duty to issue the commission when properly applied for, leaving the admissibility of the evidence that it produces to be passed upon by the court when it is tendered. Under this general rule we might without further ado order a peremptory writ, were it not for the further well established fundamental principle of the law of mandamus that the writ will never be granted in cases when, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be with-

out beneficial results and fruitless to the relator. State *ex rel.* Vereen v. Commissioners of Marion County, 27 Fla. 438, 8 South. Rep. 749; 13 Ency. Pl. & Pr., 493. In the presence of the last mentioned rule it becomes necessary to enquire whether the writ applied for in this case will be usless, unavailing, nugatory and fruitless in its effects. If the depositions, when taken under the commission applied for and refused, would be wholly incompetent and inadmissible as evidence in the disbarment proceedings in which they are proposed to be used, then, clearly, the writ of mandamus applied for here to compel the issuance of a commission for the taking of such depositions would be useless and fruitless in its effects, and under the rule last announced it should be denied. This brings us necessarily to the question, whether in proceedings for the disbarment of an attorney the depositions of absent witnesses on behalf of the State taken upon a commission and written interrogatories are admissible in evidence, or must the attorney proceeded against be confronted face to face with the witnesses against him.

It is contended for the respondent, and for the attorney proceeded against in the disbarment proceedings, on whose behalf we permitted the filing of briefs on the merits of this application for mandamus, that such disbarment proceedings are *quasi criminal* in their nature, and that as in other criminal cases the attorney charged must be confronted face to face with the witnesses against him, and that the depositions of absent witnesses against him taken on commission are wholly incompetent and inadmissible; and the case of State *ex rel.* Fowler v. Finley, 30 Fla. 325, 11 South. Rep. 674, is relied upon as an adjudication here to sustain such contention. In that case the judge, after the joinder of issue in the disbarment proceeding, made an order referring the cause to another at-

torney *as a special master* to take such testimony as might be offered on eihter side and to report the same to the court. This court held that this was erroneous practice; that the judge, being the trier both of the law and of the facts should personally hear the evidence and had no right to refer the matter of taking evidence in such cases to a special master. This was the sole question in that case, and with its decision there we are still in accord. No question was involved, however, in that case as to the admissibility of the depositions of an absent or non-resident witness regularly taken under the statute on commission and written direct and cross interrogatories. This court in that case cited cases from 83 N. Y. 164, and 59 N. Y. 595, which held that the depositions of an absent witness taken under a commission upon written interrogatories were not admissible in disbarment cases. This phase of the holdings of those two cases was not expressly approved by this court but they were cited therein to show the extreme length to which the courts had gone in requiring a personal hearing by the judge of the evidence in such cases, illustratively of the impropriety of the order made by the judge in that case delegating the taking of the entire evidence to a special master, which was the point directly under consideration.

At the common law the disbarment of an attorney was not considered a criminal proceeding. In the case of Ex parte Brounsall, 2 Cowp. 829, Lord Mansfield said: "It is not by way of punishment; but the court on such cases exercise their discretion, whether a man whom they have formerly admitted, is a proper person to be continued on the roll or not." All the courts from that day to this have uniformly held that disbarment proceedings are not designed as a *penalty* or *punishment* for any mal-

feasance or dereliction of duty by an attorney, but are solely for the purpose of purging the roll of legal practitioners of an unworthy or disreputable member; and that in such proceedings no fine, imprisonment or other punitive sentence can be imposed, but that the judgment therein can only be one simply revoking the formerly granted permit to practice as an attorney and counsellor, and striking the name of such attorney form the roll of attorneys. If a punishable crime has been committed by the attorney that is of such nature as to be cause for disbarment, the penalty prescribed by law for such crime can not be administered in a proceeding to disbar, but must be left to the usual proceeding by trial on an information or indictment; but the fact of the commission of such crime may be inquired into in a proceeding to disbar, and if its commission is therein established against such attorney to the satsfaction of the judge, the sole result of such inquiry will be to strike his name from the roll of attorneys not as any part of the *penalty* for such crime, but because the person who has committed it is unfit to be upon the roll of attorneys. In the able and exhaustively considered case of Burr in the U. S. Circuit Court of the District of Columbia decided in 1823 by Chief Justice CRANCH, 1 Wheeler's Cr. Cas. 503, it is held that a proceeding to disbar an attorney is not a criminal proceeding, and that such proceeding does not fall within that class of cases wherein the constitution of the United States makes an indictment by a grand jury a necessary prerequisite to a trial, and which requires a trial by jury, and a confrontation of the accused with the witnesses against him. The same doctrine is affirmed in Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. Rep. 569. In Scott v. State, 86 Texas 321, 24 S. W Rep. 789, it is held that disbarment proceedings are not criminal prosecutions and

that an appeal lies, in such cases to the courts of *civil* appeal.   Ex parte Finn, 32 Oregon 519, 52 Pac. Rep. 756; In re Philbrook, and copious notes thereto in 45 Am. St. Rep. 59.   In the case of In re Wellcome, 23 Montana 259 and 450, 58 Pac. Rep. 711 and 59 Pac. Rep. 445, it is expressly held that a disbarment proceeding is not a criminal prosecution, so as to entitle the respondent to be confronted personally by the witnesses against him, and that the depositions of an absent witness taken on a commission are admissible in such cases.   In re Crum, 7 N. Dak. 316, 75 N. W. Rep. 257; Philbrook v. Newnan, 85 Fed. Rep. 139; State v. Winton, 11 Oregon 456, 5 Pac. Rep. 337.   In consonance with the principles announced in these authorities our own legislature in enacting Chapter 4379 laws of 1895, have provided that the proceeding for disbarment shall be by a *motion* in writing in the name of the State, instead of by information or indictment; and that the trial shall be had *before the judge* instead of a jury; and that if the charges are sustained by a *preponderance of the evidence.* the motion to disbar shall be granted, and judgment rendered suspending or disbarring the attorney.   And in section four of this act it is provided that the accused party may take a bill of exceptions and writ of error to this court *"as in other civil causes;"* and in section six of the act it is provided that "writs of error sued out under the provisions of this act shall take precedence *of all other civil causes* in the Supreme Court." Thus in the statutory procedure prescribed for the disbarment of attorneys we have a summary civil proceeding in all of its characteristics, and find it expressly placed in the catalogue of *civil* causes when upon appellate review. Our conclusion is that a disbarment proceeding is not such a criminal prosecution as requires the accused attorney to be confronted face to face with the witnesses

against him, but that the depositions of an absent or nonresident witness on behalf of the State, if competent otherwise, when taken upon a commission and written interrogatories is competent and admissible  evidence in  such cases.  This conclusion reached it follows that the mandatory writ of mandamus against the  respondent  clerk requiring him to issue the commission for the depositions of the absent witness applied for must be granted and it is so ordered at the cost of the respondent.

WHITFIELD, C. J., SHACKLEFORD, COCKRELL and HOCKER, JJ., concur.

Mr. Justice CARTER being disqualified in a case involving the same question, took no part in the consideration hereof.