PER CURIAM.
The Grievance Committee of the Eleventh Judicial Circuit took the testimony of the complaining witness, T. A. Dollard, on March 10, 1951. The testimony of this complaining witness and the recommendations of the Grievance Committee were filed with the Board of Governors December 1, 1953, more than two and a half years later. The record does show that during this time the Committee was unable to locate the Respondent, John L. Junkin, to serve him with notice of further hearings. No steps were taken, however, to verify or substantiate the charges made by the complaining witness, Dollard, on March 10th.
On June 25, 1954 the Board of Governors filed a formal complaint in this Court but the same was not referred to a referee until May 12, 1955.
The referee appointed by this Court has made his report which shows that while attempts were made to serve the Respondent John L. Junkin with notice of a hearing before said referee, he could not be located but that on a day set, there did appear before him, the said referee, an attorney representing the State Bar who introduced into evidence a transcript of the hearing held before the Grievance Committee of the Eleventh Judicial Circuit on March 10, 1951. This transcript consisted solely of the testimony of the complaining witness Dollard. The referee made the following observations and recommendations :
“Observations
“Examination of all the proceedings by the Referee indicates that the Respondent, John L. Junkin, either has removed himself from the State of Florida or has concealed himself and is no longer in the active practice of law in the Courts of the State of Florida. All attempts to locate the respondent have been without success.
“Recommendations
“The examination of the transcript and exhibits attached thereto of the hearing before the Grievance Committee of the Eleventh Judicial Circuit on March 10, 1951 establishes prima facie case and misconduct against the. Respondent, John L. Junkin, in his capacity as an attorney of law.
“It is recommended by the Referee that appropriate action be taken by this Honorable Court to suspend the Respondent, John L. Junkin, from the practice of law in the State of Florida permanently, provided however, that the said John L. Junkin, if and .when, he should make *482 application to restore himself the privilege to practice law, a full and complete review of this matter be undertaken and appropriate recommendations made at that time as to his fitness to continue in the practice of law. That John L. Junkin’s name be stricken from the rolls of the Integrated Bar of the State of Florida.”
This Court held in State ex rel. Kehoe v. McRae, 49 Fla. 389, 38 So. 605, 606, that “depositions of an absent or nonresident witness, regularly taken under the statute on commission and written direct and cross interrogatories” are admissible in a disbarment action. The rationale of the case is included in the language we used there, viz.: “Our conclusion is that a disbarment proceeding is not such a criminal prosecution as requires the accused attorney to be confronted face to face with the witnesses against him, but that the deposition of an absent or nonresident witness on behalf of the state, if competent otherwise, when taken upon a commission and written interrogatories, is competent and admissible evidence in such cases.” In that case, however, it is clear that the issue was confrontation of the accuser, and not the reliability of the evidence. It is not necessary, however, to get into the technical question of whether the deposition taken in 1951 before the Grievance Committee is admissible before a referee in 1955 because it is our view that the testimony of the complaining witness — the only evidence on which the recommendation for disbarment rests — is wholly insufficient to sustain the charge. The evidence is evasive and inconclusive; it does not establish with any degree of certainty the nature of the employment of the attorney nor the exact amount of the payments to such attorney that were received by him. There is no evidence in the record except the accuser’s statements that the money was not used for the purpose for which it was given and these statements are the conclusions of a man who condemned the lawyer who had been previously handling the matter for having “balled up” the situation and who, he informed the Committee, told the accused attorney that he would make it hot for him if the case was not satisfactorily handled. Considering the inconclusive nature of the testimony of the sole'witness, the lapse of time from the taking of the testimony until it was filed with the Board of Governors and later with the referee of this Court, and the other circumstances of the case, it is our view that it is insufficient to support the judgment for disbarment.
The complaint is hereby dismissed.
DREW, C. J., and TERRELL, HOB-SON, ROBERTS, THORNAL, and O’CONNELL, JJ., concur.
THOMAS, J., not participating.