# Supreme Court of Texas

---

No. 24-0149

---

In re Martin Lee Kay,

*Relator*

---

On Petition for Writ of Mandamus

---

**PER CURIAM**

This mandamus petition arises out of an appeal from a $54 million judgment awarded to real party in interest Laura Yosowitz against her ex-husband, relator Martin Lee Kay. Kay argues the trial court abused its discretion by (1) requiring him to post judgment security in excess of statutory caps tied to net worth, and (2) refusing to accept his offer of alternative security. Although we find no basis to disturb the trial court's finding of Kay's net worth, we hold the court of appeals abused its discretion in concluding alternative security was categorically unavailable to Kay. We therefore conditionally grant mandamus relief and direct the court of appeals to consider in the first instance whether Kay conclusively established the adequacy of his alternative security.

## I.

Yosowitz sued Kay for breach of their divorce agreement and fiduciary duties. Following a jury trial, the trial court awarded Yosowitz roughly $54 million in actual damages. Seeking to suspend enforcement of the judgment, Kay filed an affidavit of net worth, *see* TEX. R. APP. P. 24.2(a)(1)(A), (c)(1), which Yosowitz opposed. Kay's affidavit asserted he has a net worth of $754,373. Kay also deposited two cashier's checks totaling half of his asserted net worth. *See* TEX. R. APP. P. 24.1(c)(1)(B), 24.2(a)(1)(B).

The trial court held a multi-day bond hearing at which the parties principally contested Kay's net worth. Specifically, the parties disputed the value of Kay's 8,277,500 shares in his privately held startup, Entera Holdings, Inc.[1] Relying on Kay's accounts of unsuccessful attempts to sell his Entera shares to qualified investors or obtain a loan using the shares as collateral,[2] Kay's experts opined that neither the $46 million figure from a 2022 appraisal commissioned by Entera or the $182 million valuation offered by Yosowitz's experts were

---

[1] Yosowitz did not dispute any other component of Kay's net-worth calculation.

[2] Kay approached Entera's two institutional investors, Goldman Sachs and Bullpen Capital, but the investors refused to extend Kay a loan collateralized by his restricted shares or to purchase any of his shares. Kay also made unsuccessful inquiries with the Lovett Agency and Bernstein about seeking a loan or supersedeas bond with the shares as collateral.

2

representative of the shares' value.[3]  Kay's experts instead opined the shares should be valued at $0 due to legal restrictions on transferring the unregistered securities and consequent low marketability. Yosowitz's experts relied on similar data points as Kay's experts but opined that no liquidity discount was necessary because it was already inherent in the underlying number.  Yosowitz's experts also testified that they applied generally accepted accounting principles (GAAP) in calculating Kay's net worth.

Crediting the valuation opinion of Yosowitz's experts over Kay's[4] and impliedly rejecting Kay's offer to tender the stock certificate as alternative security,[5] the trial court found Kay's net worth was $147 million and ordered him to submit a $25 million bond or cash deposit in order to supersede the judgment.[6]  Kay then sought review of

---

[3] Starting with the per-share price from Entera's Series A-1 Preferred round of equity financing, in which Entera issued 779,505 shares at $22.45 per share to investors, the Entera-commissioned study applied a 40% discount for lack of marketability, resulting in a per-share value of $5.39.  The value also included a 27.15% discount to account "for market and Company-specific changes since the transaction."

[4] The trial court found that the testimony of Yosowitz's experts was credible, supported by credible and consistent evidence, and based on sound methodology.  The trial court also found that Kay's experts' calculations were neither credible nor consistent with the evidence and that their underlying methodology was not sound.

[5] During the bond hearing, Kay offered to tender the stock certificate for his Entera shares instead of a bond.  *See* TEX. R. APP. P. 24.1(a)(4).

[6] The trial court also denied Kay's related request to lower the required bond amount to $1,000 due to substantial hardship, which Kay has since abandoned.

3

the trial court's supersedeas bond order by motion with the court of appeals. *See* TEX. R. APP. P. 24.4(a).

The court of appeals affirmed. First, the court rejected Kay's contention that the trial court abused its discretion in finding that he had a net worth over $10 million. Relying on the trial court's role as the sole judge of credibility, the court of appeals upheld the trial court's discretion to accept Yosowitz's evidence that Kay might be able to sell the Entera shares under an applicable exemption. By extension, the court concluded, the trial court validly rejected Kay's evidence that the shares lacked any value due to his inability to sell them. Second, the court of appeals rejected Kay's contention that the trial court abused its discretion in declining to accept the stock certificate for his Entera shares in lieu of a deposit or bond. The court held that under Texas Rule of Appellate Procedure 24.2(e), that option is available only to judgment debtors "with a net worth of less than $10 million." TEX. R. APP. P. 24.2(e)(1).

Kay then filed a mandamus petition in this Court. *See* TEX. R. APP. P. 24.4(a). He argues that the court of appeals abused its discretion by (1) affirming the trial court's calculation of his net worth, and (2) holding that alternative security is available only to judgment debtors with net worths below $10 million.

## II.

"Mandamus will issue only if a court has clearly abused its discretion . . . ." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). The abuse of discretion requirement "is fulfilled where a trial court acts without reference to guiding rules or principles or in

4

an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 386, 840 (Tex. 2018). An error of law or erroneous application of law to fact is an abuse of discretion. *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 835 (Tex. 2024).[7]

**III.**

We first consider the parties' dispute regarding the valuation of Kay's Entera shares and his net worth. To suspend execution of a money judgment on appeal, a judgment debtor must post security as required by Sections 52.006 and 52.007 of the Texas Civil Practice and Remedies Code and Rule 24 of the Texas Rules of Appellate Procedure. The Rules of Appellate Procedure allow a judgment debtor to supersede a judgment by (1) filing a good and sufficient bond (or cash equivalent) with the trial court clerk, or (2) "providing alternate security under Rule 24.2(e) or ordered by the court." TEX. R. APP. P. 24.1(a)(2)-(4). For a bond or cash deposit, the amount of security necessary to supersede a money judgment must equal the sum of the amount of compensatory damages and costs awarded in the judgment, as well as interest for the estimated duration of the appeal. TEX. CIV. PRAC. & REM. CODE § 52.006(a); *see also* TEX. R. APP. P. 24.1(b)(1)(A), (c)(2), 24.2(a)(1). But the amount

---

[7] Generally, a mandamus petitioner must also demonstrate the absence of an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135-36. But a trial court's post-judgment order on the amount and type of security is not part of the final judgment and thus not subject to review on appeal from that judgment. *See* TEX. R. APP. P. 24.4. Because Rule 24.4 provides express authorization for this Court's review of supersedeas bond orders by petition for writ of mandamus, no showing of an inadequate appellate remedy is required.

5

required must not exceed the lesser of: "(1) 50 percent of the judgment debtor's current net worth; or (2) $25 million." TEX. CIV. PRAC. & REM. CODE § 52.006(b); *see also* TEX. R. APP. P. 24.2(a)(1).

Kay contends the trial court's unreasonably high valuation of his net worth allowed the court to require a bond of $25 million instead of the roughly $400,000 in cashier's checks he deposited. In particular, Kay emphasizes that buyers for his Entera shares must meet certain criteria, including access to detailed financial information about Entera that he is not privileged to disclose. Although Kay points to practical difficulties in finding a buyer who qualifies for one of the available exemptions, he concedes the sale of his Entera shares is not "an absolute impossibility." Instead, Kay argues that Yosowitz failed to identify a buyer who meets that qualification aside from the two he already approached. It is the "judgment debtor," however, who "has the burden of proving net worth." TEX. R. APP. P. 24.2(c)(3).

All parties agree the trial court's calculation of Kay's net worth depended entirely on its credibility determinations as to the value of Kay's Entera shares. Each party's team of experts testified in support of their respective positions, and the trial court found that Yosowitz's team was more credible. *Cf. City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (explaining that the factfinder is "the sole judge[] of the credibility of the witnesses and the weight to give their testimony" and that "[r]eviewing courts cannot impose their own opinions to the contrary"). We may not resolve disputed factual matters in a mandamus proceeding. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006). Under

6

these circumstances, the trial court did not abuse its discretion in adopting Yosowitz's valuation of the Entera shares over Kay's.

**IV.**

Having found no basis to set aside the trial court's finding of Kay's net worth, we next determine whether the court of appeals erred in construing Rules 24.1 and 24.2 of the Rules of Appellate Procedure. Citing Rule 24.2(e)(1), the court of appeals determined that alternative security is available only to judgment debtors whose net worth is less than $10 million. We disagree.

Rule 24.2(e) was added in 2023 to address the availability of alternative security "in [c]ertain [c]ases." TEX. R. APP. P. 24.2(e). The addition followed the Legislature's enactment of Section 52.007 of the Civil Practice and Remedies Code, which provides that if "a judgment debtor with a net worth of less than $10 million" makes a required showing, "the trial court shall allow the judgment debtor to post alternative security." Under Rule 24.2(e), the judge is likewise *required* to allow alternative security for such debtors. *See* TEX. R. APP. P. 24.2(e)(1)-(2).

But Rule 24.2(e) is not the exclusive authority for alternative security. Instead, Rule 24.1(a) has long permitted a court to order alternative security, and this permission was preserved by the 2023 amendments. Rule 24.1(a) now contemplates supersedeas by, among other things, "providing alternate security under Rule 24.2(e) *or* ordered by the court." TEX. R. APP. P. 24.1(a)(4) (emphasis added). Thus, trial courts are not limited to the alternative security that Rule 24.2(e) requires in certain cases; they retain discretion to allow alternative

7

security under Rule 24.1(a)(4) for judgment debtors with net worths of $10 million or more.

We therefore hold the court of appeals erred in concluding that the alternative-security option was categorically unavailable to Kay. Mandamus relief is appropriate in these circumstances. *See* TEX. R. APP. P. 24.4(a); *see also In re Corral-Lerma*, 451 S.W.3d 385, 388 (Tex. 2014) (granting mandamus relief in supersedeas case).

Given the court of appeals' incorrect conclusion that alternative security was not an option, that court did not reach the question whether the trial court abused its discretion in impliedly rejecting Kay's offer to tender the Entera stock certificate as alternative security. Because the parties dispute whether Kay provided sufficient proof of the adequacy of the stock certificate as alternative security, *see* TEX. R. APP. P. 24.1(d), we direct the court of appeals to consider that question in the first instance. We express no view as to the outcome on remand. But we note that if a court finds a judgment debtor's net worth to require a $25 million supersedeas bond only because of the valuation of particular personal property, an unrestricted tender of that very property into the registry of the court generally will constitute adequate alternative security unless the record demonstrates a particular need for different treatment.

## V.

Accordingly, without hearing oral argument, we conditionally grant mandamus relief and direct the court of appeals to determine whether the trial court abused its discretion in refusing to accept the Entera stock certificate as alternative security. *See* TEX. R. APP.

8

P. 52.8(c).  We are confident the court of appeals will comply, and our writ will issue only if it does not.

**OPINION DELIVERED:** June 13, 2025