[No. 21085. In Bank.—June 30, 1894.]

## Ex Parte ALFRED CLARKE, on Habeas Corpus.

INSOLVENCY—CONCEALMENT OF PROPERTY—EXAMINATION OF INSOLVENT—SELF-CRIMINATION—CONTEMPT—HABEAS CORPUS.—An insolvent debtor charged with having concealed, smuggled, conveyed away, and disposed of property which should have been turned over to his assignee for the benefit of his creditors, cannot be compelled, upon examination before the superior court, to answer questions tending to criminate himself under section 154 of the Penal Code, and if the superior court commits him for contempt for refusing to answer questions concerning the fraudulent disposal of his property, the imprisonment is illegal, and he must be discharged upon a writ of *habeas corpus*.

ID.—CONSTRUCTION OF CONSTITUTION—CRIMINATION OF WITNESS.—The provision of section 13 of article I of the constitution, that no person can be compelled in a criminal case to be a witness against himself, does not make it necessary that the examination should be attempted in a criminal prosecution against the witness, or that such prosecution should have been commenced and actually pending; but it is sufficient to bring a person within the immunity of the provision, that there is a law creating the offense under which the witness may be prosecuted, and which does not secure him against use in a criminal prosecution of the evidence that he may give, and in such case he cannot be compelled to answer in any collateral proceeding as to acts constituting such offense.

HEARING in the Supreme Court upon a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*Frank M. Stone*, and *Reel B. Terry*, for Petitioner.

A witness cannot be compelled in any proceeding to make disclosures or to give testimony which will tend to criminate him, or subject him to fines, penalties, or forfeitures. (*Rex* v. *Slaney*, 5 Car. & P. 213; *Cates* v. *Hardacre*, 3 Taunt. 424; *Maloney* v. *Bartley*, 3 Camp. 210; 1 Starkie on Evidence, 71, 191; *Case of Sir John Friend*, 13 How. St. Tr. 16; *Case of Earl of Macclesfield*, 16 How. St. Tr. 767; 1 Greenleaf on Evidence, sec. 451; Wharton's Criminal Evidence, 9th ed. sec. 463; *Southard* v. *Rexford*, 6 Cow. 254; *People* v. *Mather*, 4 Wend. 229; 21 Am. Dec. 122; *Lister* v. *Boker*, 6 Blackf. 439; *Counselman* v. *Hitchcock*, 142 U. S. 562–64; *Emery's case*, 107 Mass. 172; 9 Am. Rep. 22; *Wilson* v. *United States*, 149 U. S. 61, 70; *Lees* v. *United States*, 150 U. S. 476; *In re Pacific Ry. Commn.*, 32 Fed. Rep. 241; 12 Saw. 559; *Interstate Commerce Commn.* v. *Brimson*, 154 U. S. 447; *Boyd* v. *United States*, 116 U. S. 616; *Union Pac. Ry. Co.* v. *Botsford*, 141 U. S. 250.)

*Warren Olney*, for Respondent.

It is for the court, and not for the witness, to decide whether or not an answer would tend to convict him of a felony. (Best on Evidence, sec. 128 et seq.; American Notes to Chamberlain's edition of Best on Evidence, 537 et seq.)

BEATTY, C. J.—The petitioner having been duly adjudicated an insolvent debtor, his assignee in insolvency filed a petition charging him with having concealed, smuggled, conveyed away, and disposed of property which should have been turned over to said assignee for the benefit of his creditors, upon which a citation was issued commanding him to appear before the superior court to be examined touching the matters alleged in the petition.

In obedience to the citation the petitioner came into

court and was sworn, but declined to answer the questions put to him, upon the ground that his answers might be made the foundation of a criminal action against him. Section 154 of the Penal Code reads as follows: "Every debtor who fraudulently removes his property or effects out of this state, or fraudulently sells, conveys, assigns, or conceals his property, with intent to defraud, hinder, or delay his creditors of their rights, claims, or demands, is punishable by imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both." It is evident that any answers the petitioner might have made tending to support the allegations of the petition upon which he was cited for examination would also have had a tendency to convict him of the crime or public offense defined in the section quoted, and, therefore, he could not be subjected to compulsory examination.

No person can be compelled in any criminal case to be a witness against himself. (Constitution; art. I, sec. 13.)

To bring a person within the immunity of this provision, it is not necessary that the examination should be attemped in a criminal prosecution against the witness, or that such a prosecution should have been commenced and actually pending. It is sufficient if there is a law creating the offense under which the witness may be prosecuted. If there is such a law under which the witness may be indicted or otherwise prosecuted for a public offense arising out of the acts to which the examination relates, he cannot be compelled to answer in any collateral proceeding unless the law absolutely secures him against any use in a criminal prosecution of the evidence he may give; and this can only be done by a provision that, if he submits to the examination and answers the questions, he shall be exempt from any criminal prosecution for the offense to which the inquiry relates.

All these propositions are decided by the supreme court of the United States upon an exhaustive review of the authorities in the case in *Counselman* v. *Hitch-*

*cock,* 142 U. S. 547, a case in every essential particular identical with this.

There is no law of this state which would have exempted the petitioner from a criminal prosecution for fraudulent concealment of his property, if his answers to the questions put to him had tended to convict him of the offense, and, therefore, we repeat he could not be compelled to answer. But the superior court held otherwise, ordered him to answer the questions, and, upon his persistent refusal to answer, committed him to the county jail for contempt of court. The imprisonment is illegal, and the prisoner must be discharged. It is so ordered.

McFARLAND, J., VAN FLEET, J., FITZGERALD, J., and GAROUTTE, J., concurred.