[Crim. No. 2403. In Bank.—September 12, 1922.]

In the Matter of the Proceedings for Disbarment of ARTHUR C. VAUGHAN, an Attorney and Counselor at Law.

[1] ATTORNEY AT LAW — DISBARMENT — MORAL TURPITUDE AND DISHONESTY—SUFFICIENCY OF EVIDENCE.—In this proceeding for the disbarment of an attorney at law, the evidence is sufficient to sustain the second and third counts of the accusation that the defendant made a false affidavit for the purpose of obtaining an extension of time to file a supersedeas bond, and that he used bonds recovered for a client to secure a personal loan.

[2] ID.—EVIDENCE—DEFENDANT AS WITNESS—CONSTITUTIONAL LAW.— A proceeding for the disbarment of an attorney at law is not such a criminal prosecution as entitles the defendant to decline to testify on the ground that he cannot be compelled to be a witness against himself under article I, section 13 of the constitution, although he may decline to answer questions which would tend to incriminate him.

[3] ID.—TRIAL—DEPOSITIONS—REFUSAL OF CONTINUANCE.—Where the defendant in a disbarment proceeding was given ample time to prepare depositions and notice of the day on which they would be required, and upon their nonproduction on such day the time was extended and they were not produced within the extended time, the court did not err in refusing to wait longer for them, especially where it appeared from the statement of counsel that the only matter to be contained in the depositions which was not already in evidence was not material.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

---

1. Necessity of bad or fraudulent motive to justify disbarment of attorney, note, 18 **L. R. A.** 401.

The facts are stated in the opinion of the court.

John L. Richardson, T. E. Parke, Davis, Rush & Mc-Donald, S. W. Thompson, Samuel R. Blake, William B. Bierne and Arthur C. Vaughan for Appellant.

R. P. Jennings for Respondent.

LAWLOR, J.—This proceeding was instituted in the superior court of Los Angeles County by the Los Angeles Bar Association to secure the disbarment of Arthur C. Vaughan, an attorney, who was charged with violating his oath as attorney and with the commission of acts involving moral turpitude, dishonesty and corruption. The cause having been heard, it was adjudged that the accused be disbarred, his name be stricken from the roll of attorneys and that he be permanently deprived of the right to practice as an attorney or counselor in the courts of this state. From that judgment this appeal is taken.

Three separate offenses were charged in the accusation. It was alleged that in 1916 one H. P. Proctor employed appellant to take an appeal in a case entitled *Riva* v. *Rabe et al.,* to which action Proctor was a party; that Proctor paid appellant, at the latter's request, $120, for the specific purpose of being used as expenses in preparing and printing the transcript and briefs on appeal; that appellant for a long time represented to Proctor that he was attending to the matter of the appeal, but that he did not do so; that he converted the $120 wholly to his own use knowing he had no right to do so and that he failed and refused to return the money to Proctor, although the transcript and briefs were never filed. As a second act of misconduct it was alleged that for the purpose of obtaining an extension of time to file a *supersedeas* bond in the case of *Gordon* v. *Hillman,* 47 Cal. App. 571 [191 Pac. 62], then pending before this court, appellant made and filed an affidavit in this court wherein he stated he made the affidavit on behalf of his client because "said C. D. Hillman is confined to his residence and is not permitted to leave because of the quarantine existing" and with which affidavit he enclosed a letter from the health department wherein it was said the residence of C. D. Hillman had been under

quarantine and that Hillman had not been permitted to leave the house; that these statements were untrue and that appellant well knew that Hillman had not been confined to his home but that he had been in court on one of the days the alleged quarantine had been in effect, and that the affidavit had been filed with the purpose of misleading and deceiving this court. The allegations of the third count were to the effect that during the year 1916 appellant was employed by one Edna A. Brown to procure from one Peck certain bonds which had been deposited with Peck by their owner, one E. S. Crocker, as security for a contract Edna A. Brown had with Peck; that appellant recovered the bonds from Peck; that knowing the bonds were the property of Crocker and that Edna A. Brown was obligated to return them to him, appellant delivered them to one Orvill Lathrop as security for a personal loan of $600, which sum was obtained for his own use.

In his answer appellant alleged he had conducted the case of *Riva* v. *Rabe, supra,* to Proctor's satisfaction and had prepared the brief and transcript, although the taking of the appeal was delayed; that he had offered to turn over the case, together with the money paid him, to other counsel, and denied he had converted the money to his own use or had failed or refused to return it to Proctor. Answering the second count, he denied he intended to deceive this court by filing the affidavit; admitted he knew Hillman was in court on one occasion during the quarantine and alleged that Hillman told him he got away through the rear of his premises but did not know whether he would be able to get out again; that he was later informed Hillman was confined to his home and had requested him to get an extension of time to file the bond; that he procured the letter from the board of health saying Hillman would not be permitted to leave during the quarantine and that the affidavit was made in good faith. With reference to the third count, appellant denied the allegations of the accusation and alleged that he had turned the bonds over to Lathrop with Edna A. Brown's consent to raise money to apply on an attorney's fee which she owed him.

[1] 1. Appellant contends the evidence is insufficient, under all three counts, to warrant a judgment of disbar-

ment. In its judgment the court recited that it appeared appellant was guilty of each of the acts charged against him, and that each of the acts did involve moral turpitude and dishonesty on his part. It is evident from this statement that the court regarded each of the acts charged as sufficient to constitute a cause of disbarment, and that its judgment was not dependent on proof of the three charges as a whole.

With reference to the first charge, it appears that the appeal on behalf of Proctor was not instituted until after this action was commenced. Appellant denied he appropriated the $120 and testified that such of it as was not used in prosecuting the appeal he kept in specie in a box at his home, and that he still had about $50 of it there at the time this cause was heard. Respondent offered no affirmative testimony to disprove this statement but apparently relied on the cross-examination of appellant to discredit it. It must be assumed from the judgment of disbarment that the trial court did not believe appellant's account of the disposition of the money but concluded that it had been converted to his own use. However this may be, there can be no doubt of the sufficiency of the evidence to sustain the other two charges.

The evidence under the second count shows that for a few days preceding January 24, 1919, appellant and his client, C. D. Hillman, had been in San Francisco appearing before this court in the matter of giving a *supersedeas* bond, which was continued until February 4th, and that they had returned to Los Angeles by January 26th. It was admitted Hillman was in court with appellant in Los Angeles on January 27th. On February 1st appellant filed the affidavit in question with this court, in which he stated that Hillman's house was quarantined and that Hillman was unable to attend to the matter of the bond; that appellant made the affidavit on Hillman's behalf because Hillman was "confined to his residence and is not permitted to leave because of the quarantine existing." Attached to and made a part of the affidavit was a letter from the health department stating that Hillman's house had been under quarantine since January 21st and that Hillman "has not been permitted to leave the premises." The plain purport of the affidavit and letter is that Hillman

was at all times confined to his premises, and could not get away, either to attend to the securing of the bond or the making of the affidavit. Inasmuch as Hillman was in court with appellant at least once during the time referred to, the affidavit is manifestly false. The request for an extension of time was therefore based on an untruth and the effect of the affidavit could only have been to mislead this court. It follows there is no merit in appellant's contention that the court erred in refusing to dismiss the case as to this count or in impliedly finding that the allegations of the accusation with reference to it were true.

The testimony of Edna A. Brown, given by deposition, and that of E. S. Crocker, is sufficient to support the implied finding that appellant committed the act charged in the third count. E. S. Crocker testified, among other things, that he delivered the bonds to Peck. Edna A. Brown testified that she employed appellant to procure the return of the bonds for her; that he informed her that he had recovered 'them; that when she went to get them ''I asked Mr. Vaughan for the bonds and he said that he had pledged them at the bank for a few days; that he needed some money badly and got some at the bank—about $200 or $250. I was quite astonished and said: 'Why, Mr. Vaughan, why did you do that?' for I never authorized Mr. Vaughan to pledge the bonds for his or anybody's use. He said as long as he was my attorney he thought it would be all right''; that she told him the bonds belonged to E. S. Crocker, she thought at the time she asked him to get them back from Peck, and that she had demanded them from appellant several times. Appellant testified that he borrowed $600 on the bonds. This evidence is sufficient to justify the trial court in concluding that the allegations of the accusation with reference to this count are true, and it must be assumed the trial court rejected as untrue appellant's explanations of his acts, which were the same as those alleged in the answer.

[2] 2. It is insisted by appellant that the court erred in allowing him to be called to the stand and compelled to testify over his objection. He contends the disbarment proceedings are in the nature of a criminal action and that the accused in such a case should be accorded the same right to refuse to testify as is a defendant charged with

the commission of a crime. This position cannot be maintained. Although it has been held that an accusation is in the nature of a criminal charge (*Matter of Hammond,* 121 Cal. 385 [53 Pac. 899]), and that a proceeding on such a charge is a *quasi*-criminal action (*In re McCowan,* 177 Cal. 93 [170 Pac. 1100]), "this court has uniformly treated disbarment proceedings as peculiar to themselves, and governed exclusively by the code sections specifically covering them." (*Matter of Danford,* 157 Cal. 425 [108 Pac. 322].) The purpose of such a proceeding is to determine the fitness of an officer of the court to continue in that capacity, and it has been said the disbarment of attorneys is not intended for the punishment of the individual but for the protection of the courts and the legal profession. (*Ex parte Finley,* 97 S. C. 37 [81 S. E. 279].) The proceeding differs from a criminal action in several ways. Thus it is provided in section 297 of the Code of Civil Procedure that if the accused "refuse to answer the accusation, the court shall proceed to judgment of removal or suspension." "The rule in criminal cases that the failure of the accused to testify in his own behalf shall not be considered against him does not apply to proceedings for disbarment of an attorney, and such failure may be considered in weighing the evidence offered against him." (6 C. J. 608.) In the case of *In re Wellcome,* 23 Mont. 450 [59 Pac. 445], the court said: "It is urged by counsel that the failure on the part of the accused to be sworn in his own behalf may not be used to his prejudice. Counsel say that this is, to all intents and purposes, a criminal investigation, and that the rule laid down on the subject in section 2442 of the Penal Code should be applied. The answer to this is that 'this is not a criminal prosecution, nor an aid to a criminal investigation, but is to ascertain if the accused is worthy of the confidence, and is possessed of that good moral character which is a condition precedent to the privilege of practicing law and continuing in the practice thereof.' (*In re Wellcome,* 23 Mont. 213 [58 Pac. 47].) This is a special proceeding of a civil nature, and the rules applicable to criminal cases do not apply. (*In re Wellcome,* 23 Mont. 259 [58 Pac. 711]; *In re Randel,* 158 N. Y. 216 [52 N. E. 1106].) If the accused is not guilty, nothing would have been easier than for him

to deny all knowledge of the charges laid at his door. His having failed to testify in his own defense, when he should do so, and deny the statements of Whiteside and Clark, not only justifies, but irresistibly impels, this court, upon the evidence before it, which is credible, to the conclusion that he is guilty." In our opinion, in view of these considerations, this is not such a criminal prosecution against appellant as would entitle him to decline to testify on the ground that he cannot be compelled "to be a witness against himself" (art. I, sec. 13, Const.), but he may be called and examined for the information of the court, without, of course, infringing his right to decline to answer questions propounded to him on the ground that his testimony would tend to incriminate him.

[3] 3. It is insisted the court committed error in refusing to continue the case until the depositions of C. D. Hillman and his wife concerning the matters charged in the second count of the accusation could be obtained. The record shows the taking of these depositions was discussed by the parties in court at the opening of the trial on December 16, 1920, and that it was stipulated the case would be held open for their reception until December 23d. Several times during the course of the trial the depositions were mentioned and counsel for appellant was reminded by the court that they would be due on that date. The depositions were not procured by December 23d, and appellant was given until 4:30 P. M. of December 28th to present them to the court. They were not presented by noon of December 29th, and although it was shown they were in the mail from San Francisco to Los Angeles, the court, due partly to the pressure of its business, declined to continue the action further for their introduction. The court remarked that from the statement of counsel for appellant as to what he proposed to prove by them that the only matter to be contained in the depositions which was not already in evidence was a statement that Hillman's house was watched during the quarantine, so that he could not get out. The statement of the trial judge indicated that in rendering the decision he was considering the matters already in evidence which would have been contained in the depositions. As to the matters which were not in evidence, it would have made no difference whether the house

189 Cal.—32

was watched or not, for, as remarked by the trial judge, if it was quarantined it was Hillman's duty to stay inside without being guarded. The important factor was that, while giving the quarantine as an excuse for being unable to confer with his client, appellant did communicate with him and appeared in court with him, and therefore there could have been no prejudice in the ruling. Appellant was given ample time to prepare the depositions and notice of the day on which they would be required and in view of these circumstances it cannot be said the court erred in refusing to wait longer for them.

4. Appellant assigns error to the admission of certain evidence tending to prove the allegations of the first count, and the refusal of the court to dismiss the accusation as to that count. But in view of our conclusion as to the sufficiency of the evidence on the three counts, it is unnecessary to discuss this point.

The judgment is affirmed.

Myers, J., *pro tem.*, Waste, J., Lennon, J., Richards, J., *pro tem.*, and Shaw, C. J., concurred.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.