[Civ. No. 7702. Second Appellate District, Division One.—November 6, 1933.]

PAUL S. TRAXLER, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Respondent.

Ray L. Morrow, Oliver Clark, Raymond L. Haight and Walter L. Bruington, for Appellant.

Richard M. Lyman, Jr., Otto J. Emme and Bayard R. Rountree for Respondent.

DESMOND, J., *pro tem.*—This case, in certain of its aspects, is similar to the case of *Bold* v. *Board of Medical Examiners, ante,* p. 29 [26 Pac. (2d) 707]. Here, as there, the Board of Medical Examiners of this state revoked the certificate which it had previously issued to a physician and surgeon authorizing him to practice his profession, and on the same ground, unprofessional conduct as defined in the first subdivision of section 14, "Practice of Medicine Act of 1913" (see Stats. 1913, p. 722, as amended; Deering's Gen. Laws, 1931 ed., Act 4807), the complaint against appellant particularly charging that he procured, aided and abetted, and attempted, agreed and offered to perform a criminal abortion upon a pregnant woman, therein named. As in the Bold case, all members of the board who attended the hearing voted to sustain the charges and to revoke the license certificate. The superior court here, as in the Bold case, reviewing under *certiorari* the proceedings of the board, affirmed its action. The licentiate in each case has appealed to this court from the superior court judgment.

In the instant case the appeal is grounded upon the claim that the proceedings of respondent board are void for want of jurisdiction; first, because appellant was denied

due process of law by the board's rejecting as a defense the fact that appellant had been acquitted by the Superior Court of Los Angeles County of the only charge contained in the complaint upon which his hearing before the board proceeded; second, that the board based its decision solely upon improper evidence which it admitted; third, that the board received, presented and considered evidence offered outside appellant's presence and from persons not sworn.

■ The first contention is in effect that the respondent board should have permitted appellant to enter the plea known in some jurisdictions as "*autrefois acquit*" and in California provided for by subdivision 3, section 1016 of the Penal Code, "A former judgment of conviction or acquittal of the offense charged." If the hearing before the Board of Medical Examiners had been a criminal proceeding such a plea might properly have been received, and, being received, would have barred further proceedings. But, so far as we know, the courts have never held that an inquiry into the professional conduct of a practitioner in medicine or at the bar, is of a criminal nature. (See *Lanterman* v. *Anderson*, 36 Cal. App. 472, 478 [172 Pac. 625]; *Matter of Newell Smith*, 10 Wend. (N. Y.) 449; *In re Vaughan*, 189 Cal. 491, 496 [209 Pac. 353, 24 A. L. R. 858].) In *Matter of Barach*, 279 Pa. 89 [123 Atl. 727], a disbarment proceeding, we find the following: "It is further urged that the court was without power to proceed in the present case because of Barach's acquittal on the conspiracy charge in United States District Court, the evidence presented in the disbarment proceeding being largely the same as there offered, etc. . . . We are asked to say that the finding of the jury in the federal court renders the entire controversy *res adjudicata*, and the state is concluded thereby, but we cannot agree with this view. The proceeding referred to was criminal, in the name of the government, and that for disbarment was of a civil nature. Rules of procedure vary in the two classes of cases, and evidence necessary to convict and that to justify an order of suspension are measured by different standards. In the former, the defendant was entitled to a jury trial; in the latter, it is not a matter of right. (*Balogh* v. *Jackson*, 272 Pa. 482 [116 Atl. 377, 22 A. L. R. 1497]; *Smith's Appeal*, 179 Pa. 14 [36 Atl. 134].) The defendant charged with crime cannot be compelled to

testify, but the contrary is true in a case such as this. (*Vaughan's Case,* 189 Cal. 491 [209 Pac. 353, 24 A. L. R. 858, and note.)''

Counsel for appellant say in their opening brief: ''Proceedings for disbarment of an attorney for criminal practices have been held to be criminal in nature. (*In re Bar Association of San Francisco,* 185 Cal. 621, at 623 [1921] [198 Pac. 7]; *Disbarment of Houghton,* 67 Cal. 511, at 517 [8 Pac. 52] [1885].)'' In the Houghton case we cannot find language at page 517 or elsewhere which in our minds warrants the conclusion drawn by counsel; as to the San Francisco Bar Association case, it is sufficient to say that at page 623 appears the following statement: ''A disbarment proceeding is not a prosecution for crime.'' The cases, *Thurston* v. *Clark,* 107 Cal. 285 [40 Pac. 435], and *Kilburn* v. *Law,* 111 Cal. 237 [43 Pac. 615], cited by appellant, do not concern inquiries such as we have before us, but decide that actions prosecuted in court under section 772 of the Penal Code are criminal in their nature. Appellant quotes at length from *Coffey* v. *United States,* 116 U. S. 436 [6 Sup. Ct. 437, 29 L. Ed. 684], a case in which acquittal on a criminal charge was held to bar a subsequent civil action *in rem.* In the eyes of appellant's counsel this is ''an exactly analogous case'', but it does not seem so to us for reasons we mention in the Bold decision, among them the fact that the civil action to condemn goods claimed as forfeited, for violation of the revenue laws of the United States, is in its nature auxiliary to the original criminal action, under a statute which provides confiscation as one of three forms of punishment prescribed for the offense. It follows that if the offense is not proven on the criminal trial the auxiliary action to enforce the penalty should not be permitted, being in reality a disguised criminal action. This was the consideration that governed the decisions of the court in the many cases (all of which we have read) cited by counsel where the rule of the Coffey case was invoked.

■ As to the claim that the board based its decision solely upon improper evidence which it admitted, it may be said, first, that proceedings of this character are not governed by the strict rules of evidence or procedure that obtain in court trials (*Suckow* v. *Alderson,* 182 Cal. 247, 251 [187 Pac. 965]; *Lanterman* v. *Anderson, supra*); ■

second, having read the transcript and having in mind the essential elements of the crime of abortion we believe that there was before the board sufficient testimony properly admissible to support the finding that was made. This conclusion as to the second ground of appeal disposes adversely also of the third ground, that the board considered evidence offered outside the appellant's presence and from persons not sworn.

Judgment affirmed.

Conrey, P. J., and York, J., concurred.