[L. A. No. 17133. In Bank.—August 18, 1939.]

## HERBERT R. WATERMAN, Petitioner, v. THE STATE BAR OF CALIFORNIA.

Herbert R. Waterman, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

PULLEN, J., *pro tem.*—This is a proceeding to review the recommendation of the board of governors of The State Bar that petitioner be disbarred.

It is charged that petitioner is guilty of a violation of rule 3 of Rules of Professional Conduct of The State Bar (213 Cal. cxiii) in that he engaged another to solicit professional employment for him, commonly referred to as "ambulance chasing", and, further, that the petitioner wilfully, intentionally and with a view of furthering his own personal interest gave testimony under oath before a committee of The State Bar, which testimony was untrue, and was given with the view of misleading such committee and The State Bar.

There is no substantial dispute as to the facts. Petitioner admits the charge of "ambulance chasing" in each of the three instances specified. He also admits having made false statements before the committee of The State Bar, but states that he so testified out of fear of the consequences, and not because of any corrupt motive, and that at a subsequent meeting of the committee he voluntarily repudiated all such false testimony and thereupon testified truthfully and fully in all matters.

The findings of the committee, as approved and adopted by the board of governors, declare that upon each of the three separate occasions alleged, petitioner, through one William T. Stevens, acting as his agent, had, from January, 1938, to May, 1938, solicited professional employment.

In June, 1938, Stevens was arrested and charged with a violation of an ordinance of the city of Los Angeles prohibiting the solicitation of such employment in tort cases, and was released on bail. When Stevens failed to appear and enter his plea, his bond was forfeited, and he is apparently still a fugitive.

In October, before this same committee of The State Bar, which was then conducting a preliminary investigation of petitioner's professional conduct with relation to the above matters, he testified that during the year he had had no business with Stevens except in connection with a damage case for his wife; that he had not seen Stevens for several years; that he had no knowledge of Stevens' arrest; that he did not know whether he was in jail or had been tried;

that he had done nothing in assisting Stevens in connection with the charges against him; and that he did not know what business Stevens was in except that he had heard that Stevens was once a cook.

The evidence before the committee, however, disclosed that, when Stevens was arrested, petitioner arranged for his bond, and signed as an indemnitor thereon, and that it was with petitioner that the bonding company dealt for the repayment of the bond after the flight of Stevens. It is also in evidence that petitioner stated to one Ralph that ''his ambulance chaser'' whom he had gotten out on bail had left for New York, and that petitioner was relieved because of his departure.

After the introduction of the foregoing testimony, petitioner filed an answer to the notice to show cause, wherein he admitted he had entered into the three contracts of employment as charged and that he had, on a prior hearing, testified falsely as to his connection with Stevens, but averred that his acts and conduct in so testifying were not wilful or entirely false, but, being wholly unprepared and by reason of fear of disgrace and humiliation, the answers were given without time for proper deliberation.

After a hearing, the committee found that petitioner had been guilty of soliciting business of a personal injury or negligence nature through an agent or ''capper'', knowing that such conduct was contrary to the rules of professional conduct of The State Bar, and that petitioner wilfully, intentionally and with a view to furthering his own personal interest had given testimony under oath before the committee which was incorrect in substance and was given with a view to mislead said committee.

It also appears that during petitioner's rather brief membership in the bar this is the third time he has come before the board of governors for professional misconduct.

In 1933 he was suspended from practice for one month by this court for misconduct in the use of funds delivered to him by a client. (*In the Matter of Waterman*, Misc. 1258.) In 1936 he was suspended for six months for unprofessional conduct arising out of the manner of handling a divorce and advising certain witnesses to ignore subpoenas to attend before a committee of The State Bar. (*Waterman* v. *State Bar*, 8 Cal. (2d) 17 [63 Pac. (2d) 1133].)

Petitioner contends in his petition to review the recommendation of The State Bar that suspension, and not disbarment, is the penalty for employing another to solicit professional employment; but he seems to overlook the more serious charge of having knowingly given false testimony under oath before a committee of The State Bar. He now seeks leniency of this court and bases his plea therefor upon his voluntary admission of wrongdoing and his voluntary correction of all false testimony given at the prior session of the committee.

Let us examine the record. It was at a meeting of the investigating committee on October 7, 1938, that petitioner, under oath, denied any business dealings with Stevens, or that he had assisted in any way to obtain his release on bail. On October 26, 1938, some six or eight witnesses were called and examined as to the solicitation of them by Stevens for professional employment of petitioner.

Up to that point in the proceedings petitioner, who appeared as his own attorney, had filed no answer and had cross-examined but one witness. At that juncture, petitioner stated to the committee he had slipped and that it was a useless gesture to proceed with cumulative evidence. The matter was then continued to November 3, for further hearing. On that day an answer was filed by petitioner admitting the several instances of soliciting professional employment through Stevens, and admitting having signed his bond as an indemnitor.

The claim for leniency cannot outweigh the right of the members of The State Bar to protect their professional standing. As was said *In re Vaughan,* 189 Cal. 491 [209 Pac. 353, 24 A. L. R. 858], quoting from *In re Wellcome,* 23 Mont. 450 [59 Pac. 445], a proceeding such as this is not a criminal investigation, but is to ascertain if the accused is worthy of confidence and possessed of good moral character. Here, petitioner did not need several days to determine his course of conduct. The facts were within his knowledge. It was incumbent upon him to tell the truth when called to testify before the committee. He did not need time for deliberation, nor does it look as if his motives were entirely pure, for the admission of wrongdoing did not come until it was quite obvious the committee had not only the evidence of unprofessional conduct but also of false swearing as well.

The plea of petitioner for a reduction of the penalty cannot be permitted to prevail in view of the proven and admitted facts. His prior record, his unprofessional conduct in seeking business, his lack of truthfulness before the committee, all are elements indicating a want of appreciation of the requirements of a member of the legal profession, and disclose an unfitness to remain such a member.

The record fully sustains the recommendation of the board of governors that petitioner be disbarred, and it is so ordered.

Edmonds, J., Shenk, J., Curtis, J., and Houser, J., concurred.