278

[Civ. No. 11650.   First Dist., Div. One.   July 31, 1941.]

D. R. BROPHY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Burbank, Laumeister & Littler for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondent.

PETERS, P. J.—By this proceeding D. R. Brophy, an attorney at law, seeks to annul an order of the respondent Industrial Accident Commission entered on January 3, 1941, sus-

pending him from practicing before the commission for a period of thirty days. The order further provided that, should petitioner, on a future hearing, continue to refuse to be sworn and answer questions relating to his fitness to practice before the commission, and to his failure to comply with a certain rule of the commission, he should thereupon be permanently disbarred from practicing before the commission.

The circumstances leading up to the issuance of the challenged order are as follows:

On October 16, 1940, the commission, purporting to act under the provisions of § 5307 of the Labor Code, adopted a rule, designated as rule 18, subdivision 3. That rule reads as follows:

"In all cases where an industrial injury occurs, the injured employee and his authorized agents, including attending or examining physicians and attorney, shall be given access to all medical reports, hospital records and x-rays whether in the possession of the attending or examining physicians, the employer, the hospital, or the insurance carrier, and they may make copies of the same. The employer or insurance carrier shall file promptly with the Industrial Accident Commission all reports of all physicians appointed by the employer or insurance carrier and send one copy of each of said reports to the applicant's attorney or other representative, and if there be no attorney or other representative, to the employee. Medical reports and x-rays, obtained by or on behalf of the injured employee, shall likewise be made available to the employer, or his insurance carrier. All such reports shall be filed with the Industrial Accident Commission and a copy thereof with the employer or his insurance carrier. The employer and insurance carrier and the employee shall, on request of the Industrial Accident Commission or referee thereof, file all x-rays with the Industrial Accident Commission."

On November 19, 1940, one Arvin E. Rose filed with the commission an application against his employer, J. H. Mohr, Incorporated, and its insurance carrier, the Industrial Indemnity Exchange, claiming compensation and disability benefits for an alleged industrial injury. D. R. Brophy appeared in that proceeding as attorney for the insurance carrier.

On December 4, 1940, P. H. McCarthy, Jr., attorney for Rose, wrote a letter to the commission requesting that he be furnished with the insurance carrier's medical reports on Rose and also with certain x-rays. On December 6, 1940, the chief of the compensation bureau of respondent wrote a letter to McCarthy stating that he knew of no reason why the carrier would not comply with the request. A copy of this letter was sent to petitioner. Under date of December 12, 1940, Brophy wrote to the commission, and a copy of the letter was sent to McCarthy, to the effect that the x-rays had been furnished to the applicant's doctor many weeks before December 6th, and further stating:

"Relative to filing and serving medical reports on the applicant, may we advise that we believe such premature disclosure is contraindicated in this particular case for reasons that need not be stated in this communication. We believe our reasons would be approved and acceptable to the Commission as the rule, being general in its terms could not maintain, within itself, specific exceptions. We trust that you will not prejudge our action in the premises."

The hearing of Rose's application for compensation came before the referee of the commission on December 16, 1940. At that hearing, petitioner produced, served and filed all of the medical reports in his possession. At 2:35 p. m. on that day respondent caused to be served on petitioner an order to show cause addressed to petitioner and to his client, the Industrial Indemnity Exchange. The order to show cause was supported by an affidavit of McCarthy, setting forth in general terms the facts above-mentioned. This order was made returnable on December 16, 1940, at 2:30 p. m., five minutes *before* it was served. This order directed Brophy and the Industrial Indemnity Exchange to show cause (1) why they should not be punished for contempt in refusing to furnish the medical reports; (2) why their right to appear before the commission should not be suspended under § 4907 of the Labor Code; and (3) why they should not be required to reimburse the applicant for his expenses and costs occasioned by their refusal to comply with the rule.

The hearing on this order to show cause was continued to December 27, 1940. Before this date, in fact on December 16, 1940, Brophy, as already stated, had served and filed the requested medical reports. At the continued hearing Brophy filed an answer to the order to show cause, denying its mate-

rial allegations, and denying statements contained in the McCarthy affidavit. There was introduced into evidence the medical reports, McCarthy's letter of December 4, 1940, the commission's letter to Brophy of December 6, 1940, and Brophy's reply of December 12, 1940, and several other letters not necessary to describe. The referee then called Brophy and requested that he take the stand and be sworn. Counsel for Brophy objected on the ground that "this is a criminal procedure and he cannot be made to testify against himself." The referee again ordered Brophy to be sworn, but on advice of counsel, the witness refused to comply with the request. The referee then told the witness that the objection was not sound because "this is a disciplinary proceeding as well as contempt proceeding," and that in a disciplinary proceeding an accused cannot properly refuse to be sworn as a witness. After some discussion between the referee and the attorney for Brophy, the referee again directed the accused to be sworn, and again, on advice of counsel, he refused on the ground that the proceeding was criminal in nature. The referee then stated that: "In view of the fact that no other witnesses are present, no other witnesses apparently subpoenaed in these proceedings, which is one of contempt against the Industrial Indemnity Exchange and/or Mr. Brophy, and one of disciplinary action, to-wit, suspension of Mr. Brophy from practice before this Commission. . . . The matter is submitted."

Thereafter, the commission made the order challenged in this proceeding. The order is supported by certain findings of fact. The commission finds the facts set forth above, and particularly finds that on the hearing of the order to show cause Brophy refused to be sworn as a witness and refused to answer any question relating to his fitness to practice before the commission; that such refusal was misconduct; that such misconduct was calculated to and did impede the commission in the exercise of its jurisdiction, and in determining whether Brophy was a fit and proper person to practice before the commission. By its order, based on the above findings, it is provided that Brophy is suspended for thirty days; that, upon the further hearing of the order to show cause, should he fail to appear, or refuse to be sworn, or refuse to answer relevant questions relating to his fitness to practice before the

commission, he should be disbarred from further practice before the commission.

There can be no doubt that the order of suspension was based solely on the refusal of Brophy to be sworn and testify as a witness at the hearing of December 27, 1940, and was not based on the failure of the petitioner to comply with rule 18, *supra*. This necessarily follows from the express language used in the findings and order. Moreover, the respondent, in its brief, concedes that this is the proper interpretation of the order. It is there stated: "It is the position of respondent Commission that Mr. Brophy was suspended for his refusal to testify with regard to what appeared to the Commission to be a violation of its rule. . . . "

Petitioner first challenges the validity of rule 18, *supra*. We do not find it necessary to pass on this contention at the present time. In view of the fact that the commission concedes that its order is predicated upon the refusal of petitioner to be sworn as a witness, and not upon his failure to comply with the rule, it is not necessary to pass upon the question of the validity and interpretation of the rule in this opinion.

The respondent also contends that it has disciplinary power over those who practice before it by virtue of § 4907 of the Labor Code. That section provides that: "The privilege of any person, including attorneys admitted to practice in the Supreme Court of the State to appear in any proceeding as a representative of any party before the commission, or any of its referees, may, after a hearing, be removed, denied, or suspended by the commission for a violation of this chapter *or for other good cause*." (Italics added.) It is admitted that the respondent's power to discipline Brophy must be found in the clause conferring such power "for other good cause." Petitioner argues that this section is too uncertain to be valid, and argues that such a general grant of power is void. The commission contends that the statute is valid. We do not find it necessary to pass on this question at the present time, because there are other reasons why, in our opinion, the challenged order is void.

In the first place, the order to show cause was, by its very terms, made returnable at 2:30 p. m. on December 16, 1940. It is an admitted fact that it was not served on petitioner until 2:35 p. m. of that day. It would appear that the order to show cause had spent its force before it was served.

Since the order to show cause is the pleading upon which the commission must predicate its claim to jurisdiction, it would seem that no jurisdiction had been secured over petitioner.

In the second place, and of far more importance, the order to show cause involved two separate matters. Petitioner was ordered to show cause why he should not be punished for contempt in refusing to furnish the medical reports, and, secondly, why his right to appear before the commission should not be suspended. In so far as the contempt proceeding is concerned, it is clear that this was a criminal proceeding in which the petitioner, as the accused, could properly refuse to be sworn as a witness. The rule is well-settled that a contempt proceeding is not a civil action, but is a proceeding of a criminal and summary character, and in which the accused cannot be compelled to be sworn as a witness. (*Hotaling* v. *Superior Court,* 191 Cal. 501 [217 Pac. 73, 29 A. L. R. 127] ; *Ex parte Gould,* 99 Cal. 360 [33 Pac. 1112, 37 Am. St. Rep. 57, 21 L. R. A. 751] ; *Boyd* v. *United States,* 116 U. S. 616 [6 Sup. Ct. 524, 29 L. Ed. 746].) Respondent concedes that an accused cannot be compelled to testify against himself in a contempt proceeding, but urges that the order to show cause also involved a disciplinary proceeding, and contends that the accused can be compelled to be sworn and testify in such a proceeding involving his right to practice law. This is undoubtedly the law. (*In re Vaughan,* 189 Cal. 491 [209 Pac. 353, 24 A. L. R. 858] ; *Johnson* v. *State Bar,* 4 Cal. (2d) 744 [52 Pac. (2d) 928] ; *Fish* v. *The State Bar,* 214 Cal. 215 [4 Pac. (2d) 937].) However, this does not constitute a sound answer to the contentions of petitioner. As already pointed out, at the hearing of December 27, 1940, the referee made no attempt to segregate the two charges. On two different occasions he designated the proceeding as both a contempt and a disciplinary proceeding. He ordered the petitioner to be sworn. Petitioner refused on the ground that the proceeding was one for contempt in which he could not be compelled to be sworn. The referee took the position that, since it was also a disciplinary proceeding, the objection was not sound. It seems too clear to require further discussion that to fail to segregate the two proceedings, and to attempt to unite them, exceeded the powers of the respondent. As already pointed out, the order of suspension is based solely on the failure of petitioner to be sworn. The commission, by joining a pro-

ceeding to suspend petitioner with the contempt, both being based on the same charges, could not take from him the right to refuse to testify. It follows, therefore, that the adjudication here challenged based on such refusal is void. Any other rule would be highly unfair to the accused. In the present case, when petitioner was ordered to be sworn he was told that the hearing was dual in nature. He was placed in the position that, if he refused to be sworn, the referee would take the position, which he did take, as evidenced by the order thereafter made, that his failure to be sworn and testify would justify an inference of guilt in the disciplinary proceeding, and that he would be subject to suspension. On the other hand, if he obeyed the order and did testify, he was in jeopardy of being fined or sent to jail, or both, for the contempt. Such procedure necessarily deprived petitioner of the hearing to which he was entitled on the disciplinary proceeding. No witness other than petitioner was called on the hearing. Obviously, it was the intent of the referee to prove, if he could, both the contempt and disciplinary charge by the testimony of petitioner. It is the same as if the petitioner had been sued civilly and had been prosecuted criminally based on charges involving the same transaction, and the trial court ordered both proceedings to be heard together, without segregation. Such procedure is not countenanced by the law. In adopting such procedure the commission clearly exceeded its jurisdiction, and violated the constitutional rights of petitioner.

The order of January 3, 1941, is annulled.

Ward, J., concurred.

KNIGHT, J., Concurring.—Inasmuch as the referee at the opening of the proceedings initiated by the order to show cause stated that the proceeding was one in contempt as well as a disciplinary proceeding brought under the authority of section 4907 of the Labor Code, and the commission as respondent herein concedes that the order of suspension is based solely on the refusal of petitioner to be sworn and testify, and not on his refusal to file the medical reports in compliance with subdivision 3 of rule 18, it seems evident that the order of suspension should be annulled, for under the authorities cited in the majority opinion a person cited for contempt may not be compelled to be sworn and to testify in a proceeding

initiated by such a citation. In my judgment, however, under constitutional and statutory enactments, it was entirely within the rule making power of the commission to adopt said rule, and under the provisions of article 20, section 21 of the Constitution the legislature was vested with full authority to enact section 4907 of the Labor Code in its present form, empowering the commission, in the exercise of its judicial functions, "for good cause," to suspend temporarily or permanently the privilege of any person to practice before it; and that the commission is entitled to a decision to that effect in the present proceeding, for the reason that manifestly in view of what has here happened, the question of the right of the commission to enforce both the rule and the statute is a matter of vast importance to the orderly and effective administration of the Workmen's Compensation Law.