Argued November 1, affirmed December 31, 1963, petition for
rehearing denied January 28, 1964

# McCLENNY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION
### 388 P. 2d 117

*Paul J. Jolma,* Clatskanie, argued the cause and filed a brief for appellant.

*T. Walter Gillard,* Assistant Attorney General for Oregon, Portland, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General for Oregon, and Ray H. Lafky, Assistant Attorney General for Oregon, both of Salem, and George S. Woodworth, Assistant Attorney General for Oregon, and of Attorneys for respondent State Industrial Accident Commission, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and LUSK, Justices.

PERRY, J.

The plaintiff suffered an aggravation of a previous back injury. The State Industrial Accident Commission made a finding that plaintiff's unscheduled injury was compensable as a permanent partial disability and determined that compensation should be paid on the basis of a 40 per cent loss of the use of an arm. From this award by the Commission the plaintiff appealed.

The matter was tried in the Circuit Court, where the jury also found that the unscheduled injury was compensable under the definition of permanent partial disability. The jury determined that the disability was compensable at the rate of 100 per cent loss of the use of an arm. From a judgment entered on the verdict of the jury, the plaintiff appeals.

It seems to be the contention of the plaintiff that the jury should have found under the facts in the record that his injury fell within the definition of permanent total disability as prescribed in the Act. Reasonable men could draw different conclusions from

the evidence offered and we are bound by the verdict of the jury.

■ The plaintiff's principal assignment of error is the court's admission of the defendant's medical testimony to the effect that plaintiff's disability was compensable to the extent of 75 per cent functional loss of an arm. We need not decide whether or not under the facts of this case it was error to permit the doctor to testify to the ultimate fact to be decided by the jury, since we are at a loss to understand how it can be said the plaintiff was prejudiced by the admission of this testimony. The jury returned a verdict permitting compensation on the basis of 100 per cent loss of function of an arm, the highest award possible for permanent partial disability for an unscheduled injury. ORS 656.214(4).

■ It is well established that only error which is prejudicial will warrant this court's reversal of the judgment of the jury. *Edvalson v. Swick,* 190 Or 473, 227 P2d 183; *Bly v. Moores Motor Co.,* 145 Or 528, 28 P2d 627.

The plaintiff also contends the trial court erred in its refusal to give one of his requested instructions. A cursory examination of the requested instruction discloses it is erroneous. The trial court would have been in error had he instructed the jury as requested.

There being no error in the record, the judgment is affirmed.