COUGHLIN, J.
 

 Sandra Sue Whelchel and Donald Whelchel, Jr., appeal from orders committing them under Welfare and Institutions Code, section 3050 as persons in imminent danger of becoming narcotic addicts.
 

 Preliminarily appellants pled guilty before the municipal court to the misdemeanor offense of possession of dangerous drugs, a violation of Health and Safety Code, section 11910 were certified to the superior court for determination of the question whether they were addicted or in imminent danger of becoming addicted to narcotics; and subsequently appeared before three different judges, each conducting a separate stage of the proceedings culminating in their commitment. They were arraigned on the certification before one of the judges who advised them the purpose of the proceedings was to determine whether or not they were addicted or in imminent danger of becoming addicted to narcotics; appointed two doctors to examine them; set a hearing in the matter at a time and place designated; and also advised them they were entitled to be represented by an attorney at all stages of the proceedings. They were not then advised, as required by Welfare and Institutions Code, section 5628, of their “rights to make a defense to such charge and to produce witnesses in relation thereto.” At the arraignment appellants expressed the belief they did not need an attorney and none then was appointed for them. However, thereafter on the same day an attorney was appointed to represent them. They were given the required notice of the time and place of the hearing. On the date scheduled the two appointed doctors appeared at the hearing, which was conducted before a second judge; only one of them testified; and a certificate signed by both of them was filed. The doctor who was called as a witness testified that, although not then addicted, both appellants were in imminent danger of becoming addicted. The certificate signed by both
 
 *454
 
 doctors expressed the same opinion. By judgment entered on the same day, the court found each appellant “is a narcotic drug addict or a person who by reason of repeated use of narcotics is in imminent danger of becoming addicted to the use of narcotics,” and committed each “to the Director of Corrections for placement as provided for by law.” Appellants demanded a trial by jury which was held before a third judge. At this hearing, over objection, they were called as witnesses by the deputy district attorney and compelled to testify. The examination was conducted under former Code of Civil Procedure, section 2055. Appellants’ objection was premised upon their constitutional privilege they should not be compelled to be a witness against themselves in any criminal proceeding. The jury found they were in imminent danger of becoming narcotic addicts. Thereupon the court ordered execution of the former commitment order.
 

 Appellants seek reversal upon the ground the failure of the court to inform them at the time of their arraignment they had a right to make a defense to the charge against them and to produce witnesses in relation thereto and the farther failure to require the testimony of two medical doctors at the time of the initial hearing rendered the order of commitment void; the order compelling them to testify was error; they were not allowed a reasonable time between arraignment and the initial hearing; the evidence produced at the initial hearing was insufficient to support the order of commitment then made; the evidence at the jury trial was not sufficient to sustain the verdict; and they were not given a physical examination.
 

 It is settled that “jurisdiction to enter an order of civil commitment to the narcotic addict rehabilitation program ‘depends on
 
 strict compliance with each of the specific statutory prerequisites for maintenance of the proceeding.’ ” (People
 
 v.
 
 Victor,
 
 62 Cal.2d 280, 290 [42 Cal.Rptr. 199, 398 P.2d 391] ;
 
 In re Cruz,
 
 62 Cal.2d 307, 313 [42 Cal.Rptr. 220, 398 P.2d 412];
 
 In re Raner,
 
 59 Cal.2d 635, 639 [30 Cal.Rptr. 814, 381 P.2d 638];
 
 In re Gonzales,
 
 246 Cal.App.2d 296, 297 [54 Cal.Rptr. 689].) One such prerequisite is prescribed by Welfare and Institutions Code, section 5564 which requires the judge to compel the attendance of at least two medical examiners at the initial hearing who shall examine the person alleged to be a narcotic addict and “testify before the judge as to the result of the examination.” It is noteworthy that Welfare and Institutions Code, section 5566 requires the med
 
 *455
 
 ieal examiners to sign a certificate certifying they have examined the alleged narcotic addict and “as a restilt of the examination, have testified under oath before the court" to the facts therein set forth. The two medical examiners in the case at bench filed a certificate in the prescribed form. The record in the ease belies the statement therein they testified under oath in court, as only one of the examiners testified. The purpose of the statutory requirement that both examiners testify is to place them under oath and subject them to examination respecting their findings. The failure to comply with the requirement that both medical examiners shall testify requires a reversal.
 
 (People
 
 v.
 
 Victor, supra,
 
 62 Cal.2d 280, 290 [42 Cal.Rptr. 199, 398 P.2d 391];
 
 In re Pizzo,
 
 221 Cal.App.2d 597, 598 [34 Cal.Rptr. 576].)
 

 Welfare and Institutions Code, section 5628 prescribes an arraignment of the person charged as a narcotic addict and provides: 1 ‘ The judge shall then inform him of his rights to make a defense to such charge and to produce witnesses in relation thereto.” The purpose of this provision is to advise the person charged of the nature of the proceedings in order that he might determine whether to represent himself or be represented by counsel, and in the event of the former, to advise him of the nature and extent of his participation in the hearing. In the ease at bench the trial judge erred in failing to comply with the statute. However, in light of the fact counsel was appointed to represent appellants, the failure to previously advise them they might make a defense to the charge against them and to produce witnesses in relation thereto was of no consequence. The attorney representing them knew of their rights. The record indicates he conveyed this information to them. Under such circumstances, the prerequisite that appellants be informed of their rights in the premises was accomplished indirectly, and satisfactorily complied with the jurisdictional requirements in the premises. Appellants, in support of their position, rely upon the decisions in
 
 In re Jones,
 
 61 Cal.2d 325 [38 Cal.Rptr. 509, 392 P.2d 269],
 
 In re Singh,
 
 234 Cal.App.2d 455 [44 Cal.Rptr. 474], and
 
 In re Gonzales, supra,
 
 246 Cal.App.2d 296, holding a failure to comply with the notice of hearing requirements of the statute was a jurisdictional defect. The jurisdictional prerequisite under review in the case at bench is the requirement that the pereon charged as a narcotic addict be arraigned upon the charge and advised of his rights. The exact time or method by
 
 *456
 
 which this advice is conveyed to the person charged is not a jurisdictional prerequisite.
 

 In light of further proceedings before the trial court, it is proper to consider other contentions of appellants.
 

 The claim the subject of a narcotic addiction rehabilitation proceeding may not be compelled to testify in a hearing to determine his narcotic addiction status is without merit.
 

 The federal and state Constitutions in identical language declare that no person shall “be compelled in any criminal case to be a witness against himself.” (U. S. Const., Amend. V; Cal. Const., art. I, § 13.) In California, by statutory declaration, to the extent conferred by either of these constitutional provisions, a defendant in a criminal case has the privilege not to be called as a witness and not to testify. (Evid. Code, § 930); and every person has the privilege to refuse to disclose any matter that may tend to incriminate him. (Evid. Code, § 940.) The constitutional provisions generally have been described as conferring a right to remain silent. They are exceptions to the general rule that no person may refuse to testify as a witness. (Evid. Code, § 911.) The privilege not to be called as a witness may be asserted only by a defendant in a criminal proceeding.
 
 (In re Vaughan,
 
 189 Cal. 491, 495, 497 [209 P. 353, 24 A.L.R 858];
 
 West Coast etc. Co.
 
 v.
 
 Contractors’ etc. Board,
 
 72 Cal.App.2d 287, 301 [164 P.2d 811];
 
 Brophy
 
 v.
 
 Industrial Acc. Com.,
 
 46 Cal.App.2d 278, 283 [115 P.2d 835].) On the other hand, the privilege not to disclose any incriminating matter may be asserted by any person either in a civil or criminal proceeding
 
 (In re Gault,
 
 387 U.S. 1, 49 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428, 1455];
 
 Murphy
 
 v.
 
 Waterfront Comn of New York Harbor,
 
 378 U.S. 52, 94 [12 L.Ed.2d 678, 704, 84 S.Ct. 1594, 1611];
 
 Malloy
 
 v.
 
 Hogan,
 
 378 U.S. 1, 11 [12 L.Ed.2d 653, 661, 84 S.Ct. 1489, 1495];
 
 In re Vaughan, supra,
 
 189 Cal. 491, 497;
 
 Ex parte Clarke,
 
 103 Cal. 352, 354 [37 P.2d 230],
 
 Galloway
 
 v.
 
 Moreno,
 
 183 Cal.App.2d 803, 810 [7 Cal.Rptr. 349];
 
 Brophy
 
 v.
 
 Industrial Acc. Com., supra,
 
 46 Cal.App.2d 278, 283), or otherwise. (Gen. see
 
 Peck’s Liquors, Inc.
 
 v
 
 Superior Court,
 
 221 Cal.App.2d 772, 776 [34 Cal.Rptr. 735].) However, the incrimination involved is limited to incrimination in the commission of a punishable crime. (Gen. see
 
 In re Gault, supra,
 
 387 U.S. 1, 47-48 [18 L.Ed.2d 527, 557, 87 S.Ct. 1428, 1454].)
 

 Proceedings under the California statute providing a rehabilitation program for narcotic addicts are civil in nature and
 
 *457
 
 not criminal.
 
 (In re De La O,
 
 59 Cal.2d 128, 135-136, 152 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705];
 
 People
 
 v.
 
 Victor, supra,
 
 62 Cal.2d 280, 294;
 
 In re Trummer,
 
 60 Cal.2d 658, 661-662 [36 Cal.Rptr. 281, 388 P.2d 117].) The confinement incident to the rehabilitation program, although involuntary, is not a penal sanction.
 
 (Ibid.)
 
 In support of their position, appellants cite the decisions in
 
 In re Gault, supra,
 
 387 U.S. 1, 42 [18 L.Ed.2d 527, 554, 87 S.Ct. 1428, 1451], and
 
 Specht
 
 v.
 
 Patterson,
 
 386 U.S. 605, 608 [18 L.Ed.2d 326, 329, 87 S.Ct. 1209, 1211], The
 
 Gault
 
 decision held; . . juvenile proceedings to determine ‘delinquency’ which may lead to commitment to a state institution, must be regarded as ‘criminal’ for purposes of the privilege against self-incrimination.”
 
 (In re Gault, supra,
 
 387 U.S.
 
 1,
 
 49 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428, 1455].) A juvenile court proceeding determined the issue whether the juvenile is guilty of misconduct constituting delinquency which ordinarily is comparable to misconduct of an adult constituting a crime. The confinement imposed upon the delinquent, regardless of its purpose, is penal in nature; has many of the aspects of a criminal sanction; and is premised upon the finding of misconduct of a criminal nature. The confinement of the narcotic addict under the rehabilitation program has none of these attributes; is a part of the treatment for his addiction; is necessitated by an illness; and is not imposed because of a criminal offense. (See
 
 Robinson
 
 v.
 
 California,
 
 370 U.S. 660, 664-668 [8 L.Ed.2d 758, 761-763, 82 S.Ct. 1417, 1419-1421].) In
 
 Specht
 
 v.
 
 Patterson, supra,
 
 386 U.S. 605, 608 [18 L.Ed.2d 326, 329, 87 S.Ct. 1209, 1211], the court held commitment proceedings to declare a convicted defendant a sexual psychopath, “whether denominated civil or criminal” were subject to the due process clause of the federal Constitution; the confinement imposed through such proceedings was criminal punishment; and a commitment under such proceedings without a hearing was improper. The instant proceedings are not analogous to those in the cited case.
 

 We hold a person who is the subject of a narcotic addiction rehabilitation proceeding under the California statute may be called as a witness and compelled to testify in the course of such proceeding, providing, however, he may refuse to disclose any matter that may tend to incriminate him in the commission of a punishable crime. Inquiries directed to such a person, whether at a hearing or during a medical examination in the course of the proceeding, are within the foregoing hold
 
 *458
 
 ing. Pertinent to the situation at hand is the statement of the rule in
 
 Ex parte Clarke, supra,
 
 103 Cal. 352, 354, where the court said: “No person can be compelled in any criminal ease to be a witness against himself. (Constitution, art. I, sec. 13.)
 

 ‘
 
 ‘ To bring a person within the immunity of this provision, it is not necessary that the examination should be attempted in a criminal prosecution against the witness, or that such a prosecution should have been commenced and actually pending. It is sufficient if there is a law creating the offense under which the witness may be indicted or otherwise prosecuted for a public offense arising out of the acts to which the examination relates, he cannot be compelled to answer in any collateral proceeding unless the law absolutely secures him against any use in a criminal prosecution o£ the evidence he may-give; and this can only be done by a provision that, if he submits to the examination and answers the questions, he shall be exempt from any criminal prosecution for the offense to which the inquiry relates. ’ ’
 

 In the case at bench the examination of appellants as witnesses included inquiries relating to their involvement in narcotic offenses. Although they could not refuse to testify in the proceeding, they could refuse to answer such inquiries, relying upon the privilege against self-incrimination, unless their answers would not tend to subject them to criminal prosecution because of other factors such as a prior conviction or acquittal, or the running of the statute of limitations. (Gen. see
 
 Peck’s Liquors, Inc.
 
 v.
 
 Superior Court, supra,
 
 221 Cal.App.2d 772, 776.)
 

 Appellants’remaining contentions have no merit. The insufficiency of the evidence at an initial hearing to support the order of commitment ma3r not be asserted on appeal where the evidence at the jury trial is sufficient to support the commitment.
 
 (People
 
 v.
 
 Bruce,
 
 64 Cal.2d 55, 61, 62 [48 Cal.Rptr. 719, 409 P.2d 943].) Without detailing the evidence at the latter hearing, suffice to say it sufficiently supported verdicts finding appellants in imminent danger of becoming narcotic addicts. There is no showing the court abused its discretion in fixing the hearing at a time six days following airaignment. The statute requires the hearing to be fixed at such time ‘1 as will give a reasonable opportunity for the production and examination of witnesses.’’ (Welf. & Inst. Code, § 5628.) No request for a later date or for a continuance was made. The claim the medical examiners should have conducted a physical examination of appellants and did not
 
 *459
 
 do so, is frivolous. The statute provides for a “personal” examination, not a physical examination.
 

 The orders are reversed with instructions to the trial court to conduct the proceedings instituted by the certification from the municipal court in accord with the law and the facts in the premises and in harmony with the views expressed in this opinion.
 

 Brown (Gerald), P. J., and Whelan, J., concurred.